UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TRENTON DAVON FYE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-835-CCB-SJF |
| SMILEY, et al., | |
| Defendants. | |

OPINION AND ORDER

Trenton Davon Fye, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) In accordance with 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, a complaint must contain sufficient factual matter to state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Fye is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Fye is a prisoner at Westville Correctional Facility ("Westville") and an adherent of Islam. He claims that on March 18, 2024, guards in his unit passed out Ramadan dinner meals to Muslim inmates. He did not get one. He complained to a number of

guards but was told they were "short" and did not have a tray for him. At some point he was offered a non-Ramadan food tray, but he refused it because it did not have the right portions. He had to wait until around 3 a.m. on March 19 to be given a Ramadan food tray, which by his count was 20 hours after his last meal. Based on this incident, he sues 11 guards, high-ranking officials, and prison religious leaders, seeking $2 million in damages and other relief.

He first claims a violation of his Eighth Amendment rights. Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Id.* The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* at 834. Inmates are entitled to adequate food to meet their nutritional needs. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). However, the denial of food does not automatically amount to an Eighth Amendment violation, and instead "a court must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999).

On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to assert an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir.

2

2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

Fye does not allege that he was denied a nutritionally adequate diet over a period of time. Rather, he describes an incident in which he missed one meal. This is not the type of extreme deprivation that would support an Eighth Amendment claim. *See Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012) (inmate who "sometimes missed the morning meal" did not state Eighth Amendment claim). Nor can the court plausibly infer that the guards were deliberately indifferent to his right to adequate food simply because they did not give him a Ramadan tray on this one occasion due to a shortage. He received his Ramadan meal early the next day, and it appears guards also offered him a non-religious food tray in the interim. He did not find this solution acceptable, but the circumstances he describes suggest at most negligence by the guards, not something akin to criminal recklessness. He has not alleged a plausible Eighth Amendment claim.[1]

He additionally claims a violation of his First Amendment right to exercise his religion. "The Free Exercise Clause prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (internal citation and quotation marks omitted). "A substantial burden puts substantial pressure on an adherent to modify his behavior and to violate his beliefs."

---

[1] He states that he is also suing the defendants because they "failed to protect" him, but the duty to protect under the Eighth Amendment relates to the obligation of prison staff to prevent inmates from being harmed by other inmates. *Farmer*, 511 U.S. at 832; *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Based on the factual allegations contained in the complaint, such a claim is inapplicable here.

3

*Thompson v. Holm*, 809 F.3d 376, 379-80 (7th Cir. 2016) (citation and internal quotation marks omitted). "De minimis burdens" on the free exercise of religion are not actionable. *Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999). Additionally, prisons may impose restrictions on the exercise of religion that are reasonably related to legitimate penological objectives, which includes safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89–91 (1987).

As outlined above, Fye claims that he missed a religious meal in one instance due to a shortage of trays. The court cannot plausibly infer that this was anything more than a de minimis burden on his religious practice. He was not forced to eat foods that violated his religious principles; he was simply prevented from eating dinner one time. He has not alleged a plausible First Amendment claim.

The Religious Land Use and Institutionalized Persons Act ("RLUIPA") offers broader protections than the First Amendment by preventing the state from placing a substantial burden on any aspect of one's religious practice, regardless of whether it is central to the religion. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). However, RLUIPA only provides for injunctive relief against state actors and not monetary damages. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011). Fye does not describe an ongoing burden on his religious practice, nor does he ask for any injunctive relief related to his meals. The only incident he describes occurred in March 2024, approximately nine months ago. The court cannot plausibly infer from his complaint that he has an ongoing problem with his diet that would entitle him to injunctive relief under RLUIPA. He will not be permitted to proceed on this claim.

4

He also appears to invoke the Fourteenth Amendment Equal Protection Clause. To assert an Equal Protection claim, a plaintiff must allege that a state actor purposely discriminated against him on a prohibited basis, such as his race or sex. *See McCleskey v. Kemp*, 481 U.S. 279, 292 (1987); *Williams v. Dart*, 967 F.3d 625, 637 (7th Cir. 2020). If the disparate treatment is not based on a prohibited ground, it is permissible as long as it is not irrational. *Stevens v. Illinois Dept. of Transp.* 210 F.3d 732, 737-738 (7th Cir. 2000). In the prison context, "prison administrators may treat inmates differently as long as the unequal treatment is rationally related to a legitimate penological interest." *Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016).

Likewise, a plaintiff can state a "class-of one" Equal Protection claim by alleging that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Word v. City of Chicago*, 946 F.3d 391, 395–96 (7th Cir. 2020). However, "even at the pleading stage, a plaintiff must anticipate the burden of eliminating any reasonably conceivable state of facts that could provide a rational basis for the government's actions," and must "provide a sufficiently plausible basis to overcome the applicable presumption of rationality." *Walker v. Samuels*, 543 F. App'x 610, 611 (7th Cir. 2013). Additionally, class-of-one claims cannot be used to challenge discretionary decisions that are based on "subjective, individualized assessments." *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591, 603 (2008).

Fye does not allege that prison employees intentionally discriminated against him on some prohibited ground, such as his race or sex. Nor can the court plausibly

infer from his allegations that guards intentionally singled him out for harsher treatment. From what he describes, they were simply short on Ramadan food trays at that meal and so he did not get one. At most, giving the food trays to other Muslim inmates but not to him appears to have been a discretionary decision (in the vein of "first come, first served") by the guards in response to the shortage. He has not stated a plausible Equal Protection claim based on this incident.

As an additional problem, he names a number of high-ranking officials and religious leaders as defendants, but there is no indication from his allegations that any of them were personally involved in denying him a dinner tray on March 18, 2024. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and these individuals cannot be held liable for the wrongdoing of other prison employees simply because of their positions. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). The fact that he wrote to them later to complain about what happened also does not provide a basis for holding them liable. *Burks*, 555 F.3d at 595. Furthermore, it can be discerned from his allegations that he was given approval from these officials to receive religious meals during Ramadan, and that he received proper meals other than on this one occasion. He has not stated a plausible constitutional claim against these officials.

Therefore, his complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to file an amended complaint if, after reviewing this order, he believes he can state a plausible constitutional claim based on this incident, consistent with the allegations he has

6

already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **January 31, 2025**, to file an amended complaint; and

(2) CAUTIONS him that if he does not file an amended complaint by the deadline, this case is subject to dismissal without further notice pursuant to 28 U.S.C. § 1915A.

SO ORDERED on January 6, 2025.

        s/ Cristal C. Brisco
        JUDGE
        UNITED STATES DISTRICT COURT