UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TRENTON DAVON FYE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-835-CCB-SJF |
| SMILEY, et al., | |
| Defendants. | |

### OPINION AND ORDER

Trenton Davon Fye, a prisoner without a lawyer, filed his original complaint in October 2024 alleging that he was wrongfully denied a meal during Ramadan. (ECF 1.) The court determined that he did not state a plausible constitutional claim based on this incident, but granted him an opportunity to file an amended complaint before the case was dismissed under 28 U.S.C. § 1915A. (ECF 6.)

Fye responded with an amended complaint that contained 40 single-spaced pages of narrative and asserted sprawling claims pertaining to discrete incidents occurring in the Westville Control Unit during 2024. The court instructed him that under federal pleading standards he needed to include only a short and plain statement showing an entitlement to relief, and that unrelated claims against unrelated defendants belong in different lawsuits. *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The amended complaint was stricken, but he was afforded an additional opportunity to replead his claims and to assert only related claims against related defendants. He was also instructed to outline his claims in plain

terms in accordance with Federal Rule of Civil Procedure 8 and to limit the narrative section to five pages unless greater length was unavoidable.

He has now filed a second amended complaint. (ECF 14.) This pleading suffers from many of the same problems as his earlier pleading. He has trimmed it to 15 singled-spaced pages of narrative, but he again includes allegations related to discrete incidents with different defendants. He claims that he was improperly denied a meal during Ramadan by two guards, but also includes allegations that he was wrongfully determined to be a "grievance abuser" by the grievance specialist, the prison warden failed to adequately train the grievance specialist, and the prison's "policy coordinator" allowed him to be housed in unsanitary conditions. These claims do not appear sufficiently related to proceed in the same lawsuit. *See George*, 507 F.3d at 607.

Perhaps recognizing this problem, Fye makes the following statement at the end of the narrative section: "I wish to proceed on claims for the 3/18/2024 incident ONLY at this point in time." (ECF 14 at 14.) The March 18 incident relates to the denial of a Ramadan meal by Sergeant Nolan and Officer Coontz (first names unknown). Based on the proceedings to date, the court does not find it likely that requiring Fye to replead again will result in a pleading that more clearly sets forth his claims. Therefore, the court will take him at his word that he is only asserting claims about the March 18 incident in the present pleading. The court will screen his allegations pertaining to the March 18 incident and will dismiss all other claims contained in the second amended

complaint without prejudice to his right to pursue them in a different lawsuit or lawsuits if he chooses.[1] With that issue resolved, the court turns to his related claims.

As required by 28 U.S.C. § 1915A, the court must screen Fye's pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Fye is proceeding without counsel, and therefore the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Fye is a follower of Islam. During March 2024 he was observing Ramadan, which required him to fast during the day. He claims that around 7 p.m. on March 18, 2024,

---

[1] Fye provides considerable detail about a subsequent incident in which he was moved to a new cell that was dirty and was next to a Christian inmate whom he apparently did not like. After describing this incident he states: "I am not pursuing that specific claim yet." (ECF 14 at 8.) It appears Sergeant Nolan played some role in him moving to a new cell, and Fye would be permitted to group all his claims against Sergeant Nolan in this lawsuit. *See George*, 507 F.3d at 607. However, it can be discerned from his allegations that a number of other prison employees were also involved in this incident, including individuals Fye has not named as defendants in this case. Fye presently has four other lawsuits pending in this District, including one in which he sues Sergeant Nolan and 46 other prison employees for various acts of wrongdoing. *See Fye v. Crittendon, et al.*, No. 3:25-CV-351-JD-AZ (N.D. Ind. filed Apr. 21, 2025). He has not yet been granted leave to proceed on any claim in that lawsuit and is under a deadline to file an amended complaint. Given his stated intent not to pursue a claim related to the cell move in this lawsuit, the court does not analyze the claim in this opinion. He is not prohibited from asserting the claim in another lawsuit, subject to the usual constraints of the Prison Litigation Reform Act.

3

Officer Coontz passed out Ramadan dinner meals to Muslim inmates in Fye's unit. There was a "shortage" of trays and Fye did not get one. He complained to Officer Coontz, and this officer allegedly "acted as if there wasn't anything [he] could do about it." However, it can be discerned that Officer Coontz notified Sergeant Nolan, his commanding officer, about the situation. Sergeant Nolan went to talk to Fye and told him he would have to wait until the next morning to receive his Ramadan meal. He claims Sergeant Nolan refused to contact anyone about the matter, even though the prison's food service was "right down the hallway." Fye had to wait until around 3 a.m. on March 19 to be given a Ramadan food tray, which was approximately 20 hours after his last meal.

Fye believes Sergeant Nolan "intended for [him] to suffer from hunger." Fye states that prior to this incident, he filed grievances about Sergeant Nolan accusing him of "fraternization" and "negligence," among other matters. He claims Sergeant Nolan disliked him because of these grievances, and also because Sergeant Nolan is Christian. Sergeant Nolan allegedly told Fye on a prior occasion that he should "accept Jesus Christ . . . because that's the TRUTH" and called Fye's religion "fake ass Muslim shit." (*Id.* at 6-7.) Based on these events, Fye seeks $2 million in damages and other relief.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Id.* The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that "a prison official's act results in the denial of the minimal

4

civilized measure of life's necessities." *Id.* at 834. A nutritionally adequate diet is one of life's necessities. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). However, the denial of food does not automatically amount to an Eighth Amendment violation, and instead the court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough." *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

Fye does not plausibly allege that he was denied a nutritionally adequate diet over a period of time. Rather, he describes being denied a meal on one occasion. The court understands that this was unpleasant because it required him to extend his fast, but this does not amount to the type of extreme deprivation that would support an Eighth Amendment claim. *See Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012) (inmate who missed a few meals did not state Eighth Amendment claim). He will not be permitted to proceed under the Eighth Amendment.

"The Free Exercise Clause prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (internal citation and quotation marks omitted). "A substantial burden puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thompson v. Holm*, 809 F.3d 376, 379-80 (7th Cir. 2016) (citation and internal quotation

5

marks omitted). "De minimis burdens" on the free exercise of religion are not actionable. *Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999).

As outlined above, Fye claims that he missed a religious meal on one occasion. The court cannot plausibly infer that this was anything more than a de minimis burden on his religious practice. He was not forced to eat foods that violated his religious principles; rather, he was denied one meal. It can be discerned that the following day his religious meals resumed as normal. The court does not discount his allegations that this incident caused him stress and made it difficult for him to focus on his prayers, but he has not alleged a plausible First Amendment claim under applicable standards.[2]

The court also considers Sergeant Nolan's comments about Fye's religion. The conduct Fye describes was unprofessional, but the court cannot plausibly infer that Sergeant Nolan's offhand comments placed substantial pressure on Fye to change his religious beliefs.[3] Rude comments and other types of verbal harassment ordinarily cannot support a constitutional claim. *See Dobbey v. Ill. Dep't of Correction*, 574 F.3d 443, 445 (7th Cir. 2009) ("[H]arassment, while regrettable, is not what comes to mind when one thinks of 'cruel and unusual' punishment."); *see also Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) ("Relationships between prisoners and prison staff are not always

---

[2] The court also considers whether he might be eligible for relief under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), which offers broader protections than the First Amendment. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). RLUIPA only provides for injunctive relief against state actors. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011). Fye does not describe an ongoing burden on his religious practice and instead describes a one-time problem that occurred more than a year ago. He has not asserted a plausible claim for injunctive relief under RLUIPA.

[3] Fye attaches a grievance in which he stated that during this conversation, Sergeant Nolan told Fye he should attend Sergeant Nolan's church when he is released. Fye told him, "No," and the sergeant "made a face" and then walked away. (ECF 14-1 at 5.)

marked by genteel language and good manners."). Verbal harassment may be actionable if it involves "a credible threat to kill, or to inflict any other physical injury," *Dobbey*, 574 F.3d at 446, but the comments about Fye's religion do not fall into that category. He has not stated a claim on this ground.

Fye's pleading can also be read to allege that Sergeant Nolan refused to get him a meal because he was angry about Fye's prior grievances. "To establish a prima facie case of unlawful retaliation, a plaintiff must show (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (citation and internal quotation marks omitted).

Fye satisfies the first prong because filing a grievance or internal complaint about a non-frivolous matter qualifies as protected activity for purposes of a First Amendment claim.[4] *Holleman v. Zatecky*, 951 F.3d 873, 879 (7th Cir. 2020). He also plausibly alleges a link between the grievances and Sergeant Nolan's refusal to get him a meal. However, he does not satisfy the second prong. The court cannot plausibly infer that being denied one meal in the prison setting is the type of deprivation that would "dissuade a reasonable person from engaging in future First Amendment activity." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015); *see also Douglas*, 964 F.3d at 648 ("Prisoners may be

---

[4] Documents attached to the second amended complaint reflect that Fye complained about the lighting in his cell, being denied a shower, his hygiene kit, and other matters. (ECF 14-1.) The court will presume for purposes of this opinion that the grievances involved non-frivolous issues.

7

required to tolerate more than public employees, who may be required to tolerate more than average citizens, before an action taken against them is considered adverse."); *Jett v. Henderson*, No. 1:22-CV-346-HAB-SLC, 2022 WL 16578370, at *1 (N.D. Ind. Nov. 1, 2022) (prisoner's "loss of a few items of food" was not a deprivation that would "dissuade a reasonable person from engaging in future First Amendment activity"). He has not stated a claim on this ground.

Therefore, his second amended complaint does not state a plausible claim for relief. "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted).

Fye has had three opportunities to state his claims. (ECF 1, 10, 14.) The court finds no basis to conclude that if given another opportunity, he could assert a viable constitutional claim based on the March 18 incident, consistent with the allegations he has already made under penalty of perjury. Therefore, it would be futile to permit him to amend.

For these reasons, the court:

(1) **DISMISSES WITHOUT PREJUDICE** the plaintiff's claims against Defendants Smiley, Shannon Smith, and Christina Stobaugh-Duncan as unrelated;

8

(2) **DISMISSES** the plaintiff's claims against Defendants Nolan and Coontz pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted; and

(3) **DIRECTS** the clerk to close the case.

SO ORDERED on May 7, 2025.

      /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT